Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Oct 17 2013, 5:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANN M. SUTTON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFERY BONDS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1301-CR-11 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Cook Crawford, Judge
Cause No. 49G21-1209-FD-65544

**October 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Jeffery Bonds appeals his conviction for invasion of privacy, as a Class D felony, following a jury trial. Bonds raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On June 28, 2012, Bonds pleaded guilty to invasion of privacy, as a Class A misdemeanor. Pursuant to his plea agreement, the court sentenced Bonds to 365 days home detention and ordered him to have "No Contact with: Sharon Byers."[1] State's Exh. 1B. Byers is Bonds' wife.

Nonetheless, on September 19 Bonds visited Byers at an America's Best Value Inn on Indianapolis' west side. Byers later testified that Bonds visited her because "[h]e didn't want the no contact order" and "he wanted me [Byers] to take that off of him." Transcript at 186. An argument ensued, police arrived, and Bonds was arrested.

On September 20, the State charged Bonds with two counts of invasion of privacy, one as a Class A misdemeanor and one as a Class D felony. Byers testified during the State's case-in-chief, and the State had Bonds' June 28 plea agreement admitted into the record. Following the close of the State's case, Bonds moved for a directed verdict on the ground that the State had failed to present any evidence of an existing no contact order. The court denied Bonds' motion and the jury found him guilty of invasion of privacy, as a Class A misdemeanor. Bonds then stipulated to the court that he had a prior

---

[1] The parties refer to Byers as either Sharon Bonds or Sharon Bonds Byers. We use Sharon Byers, which is how she is named in Bonds' plea agreement.

conviction for invasion of privacy, and the court entered its judgment of conviction on invasion of privacy, as a Class D felony. This appeal ensued.

## DISCUSSION AND DECISION

Bonds asserts on appeal that the State failed to present sufficient evidence to support his conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

Bonds' only argument on appeal is that the State failed to show the existence of a no contact order that prohibited him from visiting Byers on September 19. In particular, Bonds argues that "[t]here was no evidence of the actual No Contact Order, or that the judge accepted the [June 28] plea agreement, or anything to indicate that the plea agreement resulted in the No Contact Order ordered by a judge." Appellant's Br. at 6. We cannot agree.

During the State's case-in-chief, Byers testified that a no contact order existed and that Bonds contacted her to convince her to have the order lifted. In addition, the State admitted into the record Bonds' June 28 plea agreement, which plainly states that Bonds was to have "No Contact with: Sharon Byers." State's Exh. 1B. Accordingly, the State

presented evidence of an existing no contact order.  We affirm Bonds' conviction for invasion of privacy, as a Class D felony.

Affirmed.

MATHIAS, J., and BROWN, J., concur.